DAVIS and BROOKS *v.* SHIELDS, 26 Wend. 341 to 366.

In S. Ct. 24 Wend. 324.

*Statute of Frauds; Sale of Goods and Chattels; Memo-
randum of Contract.*

THE defendant in error brought an action of assumpsit in
the Superior Court of the city of New York, for the non-
delivery of fifty tons of iron, purchased by him of the plain-
tiffs in error. The purchase was made January 21st, 1826,
of a broker of the defendant, who made the following mem-
orandum of the contract of sale in a book kept by him for
that purpose. " January 21st. Sold this day to George W.
Shields, on account of Davis and Brooks fifty tons of Eng-
lish bar iron—say 25 tons, one and three-quarters by one
and a half; 25 tons, one and three-quarters by five-eighths;
50 tons at $70 to arrive on board brig Anna; said iron to be
in good order, or no sale." The broker communicated the
sale to the defendants, but no sale note was delivered to the
parties. The iron was shipped on board the brig Anna, and
the invoice and bill of lading dated the 30th of Oct., 1835,
were received by D. and B. December 4, but the brig
did not arrive until the middle of April, 1836, when the
price of iron had advanced to $98 per ton. On the 27th
of April, the defendant in error tendered a note for $3,500
at 6 months for the iron, according to the terms of payment
agreed upon between the broker and himself; which D.
and B. declined to receive. He then tendered the cash, and
demanded the iron, but the plaintiffs in error refused to re-
ceive either, or to deliver the iron. The usual passage of
ships carrying iron was proved to be from 30 to 70 days.

On the trial of the cause, it was insisted for the defendants
that the memorandum of the broker was not a sufficient
note of the contract within the statute of frauds, as it did
not contain the agreement as to the time of payment, nor
that of arrival in reasonable time, and was not subscribed.
The Chief Justice of the Superior Court, charged the jury
that the memorandum was sufficient, and that the plaintiff

was entitled to recover.   Verdict for plaintiff.   Charge excepted to by defendants, and on error brought,

The Supreme Court affirmed the judgment of the Superior Court, (see 24 Wend. 324.)   But on error to this court,

The Court of Errors held that the memorandum was not sufficient within the statute, as it was not "*subscribed* by the party to be charged thereby;" the name of the party not *being signed* below, or at the end of the memorandum, and that the mere mention of the names of the parties sought to be charged, in the body of the memorandum, though good enough before the Rev. Stat. was not since then sufficient to bind the parties.

It was further held, that as the entry in his sale book *varied* from the contract actually made, neither party was bound, as no note or memorandum of the contract could be said to be reduced to writing; and this although the stipulation for six months credit, and for the arrival of the iron in *reasonable time*, were for the benefit of the purchaser, and he elected to waive them on its arrival.

It was also held that to render a contract valid under the statute, it is enough if the note or memorandum be subscribed by the party sought to be charged thereby, or by his authorized agent; and that it is not necessary that both parties to an agreement, should subscribe their names.

The Chancellor and Senator Verplanck, delivered opinions to the foregoing effect, and the judgment was *reversed* by a vote of all the members of the court present at the argument, except Senator Paige, who voted for affirmance.